IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

                **Petitioner,**

     v.                                    CASE NO. 11-3102-SAC

**JAMES HEIMGARTNER, et al.,**

                **Respondents.**

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents move for the dismissal of this matter as barred by the statute of limitations. For the reasons that follow, the court grants the motion and dismisses this action.

**Background**

Petitioner entered guilty pleas in the District Court of Sedgwick County, Kansas, in September 1991 to charges of kidnapping in violation of K.S.A. 21-3420, sexual exploitation of a child in violation of K.S.A. 21-3516(a); sexual exploitation of a child in violation of K.S.A. 21-3516(b); rape in violation of K.S.A. 21-3502; indecent liberties with a child in violation of K.S.A. 21-3503(c); and felony murder in violation of K.S.A. 21-3401(b) in connection with the sexual abuse of an 8-year-old child and the killing of a 5-year-old child. He was sentenced in January 1992.

In January 1994, the convictions and sentence were affirmed by

the Kansas Supreme Court. *State v. Woodward*, (Kan. Jan 21, 1994)(Case No. 68,957)(unpublished order). The time period for seeking review in the United States Supreme Court expired in April 1994, and the conviction became final.

On September 18, 1995, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 in the Sedgwick County District Court. That court denied relief on March 29, 1996. Petitioner unsuccessfully appealed, and the Kansas Supreme Court denied review on March 17, 1999.

Petitioner took no additional action until April 9, 2007, when he filed a petition for habeas corpus in this court.[1] Petitioner's subsequent motion to withdraw the petition was granted on June 5, 2007.

On June 21, 2007, petitioner filed a motion to vacate his guilty pleas and dismiss the indictment based upon newly-discovered evidence. The Sedgwick County District Court denied relief, and the Kansas Supreme Court affirmed that denial on March 6, 2009. *State v. Woodward*, 202 P.3d 15 (Kan. 2009).

In May 2009, petitioner filed a motion to comply with K.S.A. 21-2512(f)(2)(A) & (B) and K.S.A. 22-33210(d) seeking a DNA test and asking to withdraw his guilty pleas. That motion was denied, and the Kansas Supreme Court affirmed the decision in March 2011. *State v. Woodward*, 248 P.3d 280, 2011 WL 1002957 (Kan., March 18, 2011)(unpub. op.). On April 14, 2011, petitioner filed a petition

---

[1] Case No. 07-3091-SAC.

for writ of certiorari in the United States Supreme Court.

On May 24, 2011, petitioner filed the present petition for habeas corpus.

On June 6, 2011, the United States Supreme Court denied the application for certiorari.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA created a one-year limitations period for filing a habeas corpus action pursuant to 28 U.S.C. §2254. *See* 28 U.S.C. § 2244(d)(1). This limitation period generally begins to run from the date a state court judgment becomes final. §2244(d)(1). The limitation period is tolled during the pendency of a properly filed state post-conviction motion. § 2244(d)(2).

However, "[w]here a conviction became final before the AEDPA took effect ... the one year limitation period ... starts on AEDPA's effective date, April 24, 1996." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

Here, petitioner's conviction was final in April 1994, well before the AEDPA was passed on April 24, 1996. The limitation period thus would begin to run on the effective date of the AEDPA, but it was tolled until the state post-conviction action petitioner filed in September 1995 was resolved on March 17, 1999. The one-year period began to run at that time and expired in March 2000. Because petitioner took no action to challenge his conviction under § 2254 during that time, the present action is barred by the limitation period.

The limitation period is subject to equitable tolling, but such tolling is available "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(quotation omitted). Petitioner has not offered any explanation for his failure to timely present his petition, and the court finds no grounds for equitable tolling.

Finally, to the extent petitioner contends he is entitled to pursue a habeas corpus petition under the Supreme Court's decision in *Jimenez v. Quarterman,* 555 U.S. 113 (2009), the court finds no support for his argument. In *Jimenez*, the Supreme Court held that where a state court grants a criminal defendant the right to pursue an out-of-time direct appeal during state collateral review of the conviction, and where the defendant has not yet sought federal habeas corpus review, the conviction is not yet final under §2244(d)(1). Rather, in those particular circumstances, the judgment is final only upon the conclusion of the out-of-time appeal, including the time for seeking review in the Supreme Court under a writ of certiorari. *Id.* at 120-121. The *Jimenez* Court stated that the "plain language" of § 2244(d)(1) "points to the conclusion of direct appellate proceedings in state court" as the "uniform date of finality" and "requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appellate review process was completed" to determine the date on which the conviction becomes "final" for purposes of § 2244(d)(1)(A). *Id.* at 121.

In contrast to the facts in *Jimenez*, petitioner's direct appeal

4

was resolved on the merits following his conviction, and there has been no order by the state appellate courts that allowed any additional, out-of-time direct appellate review of his conviction. Petitioner's reliance on the *Jimenez* decision is misplaced, and he is not entitled to relief.

IT IS, THEREFORE, BY THE COURT ORDERED the respondents' motion to dismiss (Doc. 19) is granted.

IT IS FURTHER ORDERED petitioner's motion for summary judgment (Doc. 14), motion to amend/correct (Doc. 16), motion for ruling (Doc. 20), motion for judgment (Doc. 27), and motion for enforcement of court's order (Doc. 29) are denied.

IT IS FURTHER ORDERED petitioner's motion to join a party (Doc. 17) is liberally construed as a motion to substitute Warden Sam Cline as the respondent due to petitioner's transfer to the Hutchinson Correctional Facility and is granted. The clerk of the court shall modify the caption to reflect this substitution.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge