IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

                    **Petitioner,**

        v.                                  CASE NO. 11-3102-SAC

**SAM CLINE, et al.,**

                    **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By its Memorandum and Order of April 17, 2012, the court granted respondents' motion to dismiss for failure to file the matter within the limitation period. Petitioner has filed a Notice of Appeal (Doc. 32), a motion to rescind order and reinstate petition (Doc. 35), a supplement to the motion to rescind (Doc. 37), a motion for certificate of appealability (Doc. 36), and a motion for leave to appeal in forma pauperis (Doc. 44).

**Background**

In 1991, petitioner entered guilty pleas to kidnapping, two counts of sexual exploitation of a child, rape, indecent liberties with a minor, and felony murder. The sentence was affirmed on appeal. *State v. Woodward*, (Kan. January 21, 1994)(Case No. 68,957)(unpublished opinion).

*The motion to rescind*

Plaintiff moves the court to rescind the order of dismissal, contending a motion filed in state court in April of 1994 remains pending and tolls the one-year limitation period under the AEDPA. He points to the decision of the Kansas Supreme Court in *State v. Woodward*, 248 P.3d 280 (Table)(Kan. 2011), in which that court states:

> In 1994, Woodward filed a motion requesting that the DNA of certain biological material, including a hair, be compared against the DNA of another felon, who Woodward claimed was implicated in the homicide for which he was convicted. The record does not reflect the disposition on that motion. Id. at *1.

It appears the petitioner refers to a "Motion for Comparison of DNA Evidence" he filed in his criminal case, Case No. 91 CR 792 on April 4, 1994. This motion, which was attached to the petition,[1] was filed over two months after petitioner's conviction was affirmed on appeal. *State v. Woodward*, (Kan. January 21, 1994)(Case No. 68,957)(unpublished opinion).

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, the one-year limitations period for filing a habeas corpus petition is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1] A copy of the motion is attached.

It is clear that not every motion or filing is sufficient to toll the running of the statute of limitations. *See, e.g., Hodge v. Greiner*, 269 F.3d 104 (2d Cir. 2001)(petitioner's request under state proceeding seeking discovery did not toll the limitations period; a discovery motion does not toll AEDPA as it "d[oes] not challenge [the] conviction,"); *Brown v. Sec. for Dept. of Corr.*, 530 F.3d 1335 (11th Cir. 2008)(petitioner's motion for DNA testing, filed under state rule of criminal procedure, was a discovery motion that did not toll AEDPA limitations period); *Evans v. Senkowski*, 228 F.Supp.2d 254 (E.D.N.Y. 2002)(petitioner's state court motions to appeal denial of reargument were not "properly filed" applications that tolled the limitations period).

Petitioner's motion, which he filed in his criminal case after the state supreme court issued its decision in the direct appeal, was not a properly filed application for collateral review. Accordingly, that motion did not toll the limitations period, and petitioner's motion to rescind the order of dismissal and reinstate the petition will be denied.

*Motion for Certificate of Appealability*

Petitioner also seeks a motion for certificate of appealability (COA)(Doc. 36). *See* 28 U.S.C. § 2253(c)(requiring petitioner to obtain a COA to proceed on appeal from dismissal of action under §2254.)

In order to obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right. The petitioner must show "that jurists of reason would find it debatable whether the

3

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner seeks a COA on the grounds (1) the court erred in determining that the limitation period had expired; (2) the court erred in granting respondents' motion to dismiss; (3) the court erred in failing to properly interpret the effect of his state law actions; (4) the court erred in determining that his direct appeal was resolved on the merits; and (5) the court failed to address his claim of actual innocence.

Petitioner's first claim rests upon the motion he filed in 1994. The court has rejected this claim, as set forth elsewhere in this order.

Next, petitioner contends the court erred in granting the motion to dismiss. He argues the order to show cause issued by the court directed respondents to address the claims for relief and therefore foreclosed the filing of a motion to dismiss on procedural grounds. He also appears to assert that because respondents filed a motion to dismiss based upon procedural grounds, they should not be allowed to address his claims on the merits at this time.

However, the court's order to show cause should not be read to bar the assertion of procedural defenses such as timeliness or a failure to exhaust. No such direction was entered by the court, nor would a ruling in petitioner's favor on the issue of timeliness have prevented respondents from asserting a response on the merits of his

claims.

Petitioner's third argument asserts that the court failed to properly apply the holding in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In *Jimenez*, the U.S. Supreme Court held:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for the purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal. *Id*. at 121.

Petitioner contends this holding was not properly applied in this matter, and he appears to equate appeals from collateral review and direct appeals. However, the *Jimenez* rationale is directed to the granting of an out-of-time direct appeal, that is, an appeal from the criminal conviction, and petitioner's effort to apply it to appeals from his state post-conviction actions is not persuasive.

Petitioner next claims the court erred in stating that his 1994 direct appeal was resolved on the merits because the only decision rendered was to affirm his criminal sentence. Petitioner acknowledges that this was the sole issue presented by his appellate counsel. The record supports the court's statement that the petitioner's direct appeal was determined on the merits and not on a procedural ground.

Finally, petitioner claims he is entitled to relief on the ground of actual innocence. A "sufficiently supported claim of actual innocence creates an exception to procedural barriers for

5

bringing constitutional claims regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). This exception is available "'only...in the extraordinary case.'" *Id*. at 1231 (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

The record before the court suggests that the evidence to which petitioner refers is a hair and other evidence found during the investigation of the crimes which did not match samples given by the petitioner. Petitioner unsuccessfully argued this in a 2009 motion in which he alleged, in part, that the prosecution had wrongfully withheld exculpatory evidence. The Kansas Supreme Court rejected his argument, stating:

> On May 5, 2009, Woodward filed ... another motion, entitled "Motion to Comply with K.S.A. 21-2512(f)(2)(A) & (B) and K.S.A. 22-3210(d)." In essence, Woodward argued that the prosecutor had wrongfully withheld exculpatory DNA evidence that his confession was unconstitutionally obtained, that the prosecutor had used "privileged information" against him, and that both his trial and appellate counsel had been ineffective. Woodward sought to withdraw his guilty pleas and to have the charges against him dismissed with prejudice.
>
> [...]
>
> During the homicide investigation, police recovered a hair. Woodward asserts that a comparison of his DNA to that of the evidentiary hair yielded a favorable result for him. However, he claims that he did not learn of the exculpatory test result until after he had pled because the State "buried" the evidence. Therefore, he claims he should be provided the hearing described in K.S.A. 21-2512(f)(2) to permit the district court to determine the relief to which he is entitled.
>
> The gravamen of Woodward's complaint is that the State wrongfully failed to disclose exculpatory evidence and, as a result of that misconduct, Woodward's guilty plea was not knowingly and intelligently entered. Woodward could

6

>have pursued redress for the State's wrongful withholding of exculpatory evidence through a 60-1507 motion. He could have included the argument that the withholding of evidence precluded a knowing and intelligent plea in his first motion to withdraw plea under K.S.A. 22-3210. *State v. Woodward*, (Kan. March 18, 2011)(Case No. 103,555) (unpublished opinion).[2]

The Kansas Supreme Court found that petitioner's reliance on the motion under K.S.A. 21-2512(f)(2) was in error, as the statute does not provide a remedy that may be used as a substitute remedy for a motion pursuant to K.S.A. 60-1507. However, the court ruled that even had the pleading been construed as a motion pursuant to 60-1507, summary denial would have been appropriate as petitioner previously had used the 60-1507 remedy. *Id*.

Here, petitioner's bare claims of suppressed exculpatory evidence and alibi testimony are not supported and have been squarely rejected by the state courts on procedural grounds.

In sum, the court finds no grounds to conclude that the result reached in this matter is reasonably debatable and will deny the motion for a certificate of appealability.

*Motion to proceed on appeal in forma pauperis*

Finally, petitioner moves for leave to proceed in forma pauperis on appeal. The court has reviewed the financial records submitted in support of the motion pursuant to D. Kan. R. 9.1(g), and finds petitioner has an average monthly deposit of $424.49, and an average cash balance in excess of $2,000.00 in his institutional account. His available balance on May 2, 2012, was $1,632.76. The

---

[2] This case is appended to the petition (Doc. 1, Ex. p. 26).

7

court finds petitioner has sufficient resources to pay the appellate filing fee of $455.00 and will deny the motion to proceed in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to rescind order and reinstate petition (Doc. 35) is denied.

IT IS FURTHER ORDERED petitioner's motion for certificate of appealability (Doc. 36) is denied.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed on appeal in forma pauperis (Doc. 44) is denied.

IT IS FURTHER ORDERED petitioner's motion for ruling on the motion to rescind and reinstate (Doc. 46) is denied as moot.

IT IS FURTHER ORDERED petitioner is granted to and including July 16, 2012, to submit the appellate filing fee to the clerk of this court.

Copies of this order shall be transmitted to the parties and to the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

DATED:  This 14th day of June, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge